IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>KIELAN BRETT FRANKLIN,<br><br>Defendant/Movant. | Cause No. CR 19-06-H-BMM<br><br><br>ORDER |

Pending before the Court is Movant Kielan Brett Franklin's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 330.) The Court provided Franklin additional time to file an amended motion, in the event that he wished to add claims. (Doc. 333.) The Court informed Franklin that if Franklin failed to file an amended § 2255 motion by November 17, 2023, the Court would presume Franklin intended to proceed on the original filing and would proceed accordingly. (*Id*. at 2.) To date, Franklin has not filed an amended § 2255 motion.

I.   **Background**

Franklin pled guilty to aiding and abetting the possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)-(ii) and robbery affecting interstate commerce (Hobbs Act robbery) in violation of 18

U.S.C. § 1951(a). The Court sentenced Franklin on June 17, 2020, to 55 months for the Hobbs Act robbery and 84 months for possession of a firearm. The Court ordered that the sentences were to run consecutively. *See* Judg. (Doc. 287.)

Franklin timely filed a direct appeal. Franklin argued that (1) a Hobbs Act robbery is not categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A), and (2) that the district court violated his right to due process by relying on co-defendants' unsworn hearsay statements in imposing an obstruction-of-justice enhancement. As to the first issue, the Ninth Circuit noted Franklin conceded that binding precedent foreclosed his argument that Hobbs Act robbery does not categorically constitute a crime of violence. *United States v. Franklin*, 18 F.4th 1105, 1113 (9th Cir. 2021) (*citing United States v. Mendez*, 992 F. 2d 1488, 1491 (9th Cir. 1993) and *United States v. Dominguez*, 954 F.3d 1251, 1260–61 (9th Cir. 2020)). The Ninth Circuit determined no error had occurred. Similarly, the Ninth Circuit determined that the district court had not abused its discretion in considering the statements of Franklin's co-defendants in imposing an enhancement at sentencing. The government provided sufficient specifics so as not to shift to Franklin the burden of proving that the enhancement did not apply. The government tied one of the co-defendant's statements to other evidence that was subject to procedural tests of reliability. Both of the co-defendants' statements corroborated the other to establish substantive reliability. *Id.* at 1125–27. Franklin's convictions and sentence were

affirmed.

## II.   Legal Standards/Analysis

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). A one-year statute of limitations for seeking habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). The Court finds Franklin's motion to be timely.

Hobbs Act robbery makes it illegal to obstruct, delay, or affect commerce or the movement of commerce by robbery or extortion.18 U.S.C. § 1951(a). In relevant part, the statute states as follows:

> The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1). The Ninth Circuit previously concluded that Hobbs Act robbery qualifies as a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A). *Dominguez*, 954 F.3d at 1260–61; *Mendez*, 992 F.2d at 1491.

Section 924(c) carries heightened criminal penalties for defendants who use, carry, or possess a firearm during and in relation to a "crime of violence." Section 924(c)(3) provides:

3

The term "crime of violence" means an offense that is a felony and-

    (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The first clause represents the "elements clause" and the second clause represents the "residual clause." The U.S. Supreme Court held in *United States v. Davis*, 139 S. Ct. 2319 (2019), that the residual clause in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) proved to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

Franklin argues that Hobbs Act robbery does not qualify as an act of violence, because it cannot be divided into attempted and completed robberies for purposes of the categorical approach. (Doc. 330 at 2.) Franklin urges the Court to apply the procedure outlined in *Mathis v. United States*, 579 U.S. 500 (2016), in order to make this determination. (*Id*. at 3–6.) Franklin suggests that district courts have erred in relying upon dicta contained in *United States v. Taylor*, 142 S. Ct. 2015 (2022), to avoid *Mathis*-type analysis. (*Id*. at 4–5.) Franklin alleges that this misplaced reliance results in courts declaring the statute to be divisible. (*Id*. at 4–5.) Franklin urges this Court to apply the *Mathis* methodology to avoid permitting "a conflict to persist between the Supreme Court's precedent and the decisions of the district courts." (*Id*.

4

at 6.)

Franklin argues his § 924(c) convictions cannot be sustained under the elements clause. Further, because 18 U.S.C. § 1951(a) cannot be divided, according to Franklin, it is categorically not a "crime of violence." (*Id*. at 7.) Franklin asks this Court to find that his conviction under § 18 U.S.C. § 924(c) is void for vagueness and vacate, remand, or correct his sentence accordingly. (*Id*.)

Recent decisions in the Ninth Circuit preclude this Court from granting Franklin the relief he seeks. The Ninth Circuit determined in *Dominguez* that both Hobbs Act robbery and attempted Hobbs Act robbery represent crimes of violence for purposes of § 18 U.S.C. § 924(c)(3)(A). 954 F.3d at 1255. The U.S. Supreme Court granted review in *Dominguez* and *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), in order to resolve a circuit split over whether attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). The U.S. Supreme Court in *United States v. Taylor*, 142 S. Ct. 2015 (2022), affirmed the Fourth Circuit's holding that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A). No element of the offense requires the government to prove that the defendant used, attempted to use, or threatened to use force. *Id*. at 2026. The U.S. Supreme Court vacated the judgment in *Dominguez* and remanded the matter for consideration in light of *Taylo*r. *Dominguez v. United States*, 142 S. Ct. 2857 (2022). The Ninth Circuit vacated Dominguez's § 924(c)(3)(A) conviction

premised on attempted Hobbs Act robbery. *United States v. Dominguez*, 48 F.4th 1040, 1040 (9th Cir. 2022).

More recently, in *United States v. Eckford*, 77 F.4th 1228 (9th Cir. 2023), the Ninth Circuit reasserted that "Hobbs Act robbery is a crime of violence, and that aiding and abetting a crime of violence is also a crime of violence." *Eckford*, 77 F.4th at 1237 (internal citations omitted). The decision notes that its holding is not "undermined by the Supreme Court's decision in *Taylor*." *Id*. Accordingly, Hobbs Act robbery remains a crime of violence within the Ninth Circuit. Franklin's § 2255 motion must necessarily be denied.

### III.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Franklin's claims are precluded by binding Ninth Circuit precedent.

*Eckford*, 77 F.4th 1237. The § 2255 motion involves no open questions of law and no close factual questions. A COA is not warranted.

Based on the foregoing, **IT IS ORDERED**:

1. Franklin's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 330) is **DENIED**.

2. A certificate of appealability is **DENIED**. The clerk shall immediately process the appeal if Franklin files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 23–68–H–BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Franklin.

DATED this 14th day of February, 2024.

_____
Brian Morris, Chief District Judge
United States District Court